849 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith BAXTER, Plaintiff-Appellant,
v.
KARST ROBBINS COAL COMPANY, INC. and Brenda Faye Coal Sales,
Defendants- Appellees.
 No. 87-5808.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This plaintiff appeals with the aid of counsel the district court's judgment dismissing his civil rights action alleging employment discrimination, breach of implied contract and wrongful termination filed under 42 U.S.C. Secs. 1981 and 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Requesting compensatory and punitive damages, the plaintiff alleged that his civil rights were violated by the defendants, individually, and their agents and employees due to their: 1) continued harassment; 2) racially motivated termination of his employment; 3) pattern and practice of racial discrimination; and 4) breach of his implied contract of employment. The plaintiff, the sole black employee in mine # 4, alleged he was routinely the target of malevolent racial slurs and the victim of degrading physical exploitation. He was allegedly terminated due to a cable cutting incident despite the fact that a white co-worker admitted sole responsibility for the incident.
 
 
 3
 The district court dismissed the action on the basis of res judicata because the Kentucky Human Rights Commission had entered a conciliation agreement with the defendants and the plaintiff did not appeal the agreement to the state court as permitted under Kentucky law. Thus, the district court concluded that the plaintiff could not now challenge the Commission's findings under federal law.
 
 
 4
 Upon review, we conclude that the conciliation agreement should not be given preclusive effect with reference to plaintiff's federal civil rights claims. The record does not establish that the agency acted in a judicial capacity or that it resolved the factual issues in dispute. See University of Tenn. v. Elliott, 106 S.Ct. 3220, 3226 (1986). Furthermore, the agency did not afford these parties the opportunity to litigate the claims during a hearing on the merits thereof. See Elliott, 106 S.Ct. at 3222-26. Finally, the conciliation agreement does not contain the Commission's findings of fact. Absent a showing that these procedures occurred, and despite the plaintiff's failure to seek judicial review of the Commission's actions, we conclude that the Commission's conciliation agreement is not entitled to preclusive effect with respect to plaintiff's federal civil rights claims filed pursuant to 42 U.S.C. Secs. 1981 and 1983.
 
 
 5
 Accordingly, the district court's judgment entered June 17, 1987, is hereby vacated and the case remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.